IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH JETT § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. _____ |
| § | | |
| NATIONAL OILWELL VARCO § | | |
|    Defendant. § | | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Joseph Jett ("Plaintiff" or "Jett") and complains of Defendant National Oilwell Varco ("Defendant"), and for his cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of the Age Discrimination in Employment Act suffered by Plaintiff in the course of his employment with Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. Plaintiff Joseph Jett is a resident of Willis, Texas.

4. Defendant National Oilwell Varco is a Delaware Limited Partnership authorized to do business in Texas. This Defendant may be served with process through its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

5. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course an scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (4).

7. The Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

8. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

9. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

10. This Court has jurisdiction over all claims in this action.

## IV.
## PROCEDURAL REQUISITES

11. Plaintiff filed a charge of age discrimination against defendant under Charge Number 460-2011-01608 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR") on or about February 25, 2011.

12. On January 29, 2013, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court.

13. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

14. All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

15. In 2000, Plaintiff began his employment with Reed Hycalog as a Maintenance Supervisor in its Fixed Cutter Drill Bit manufacturing facility.

16. At all times during his employment, Plaintiff was qualified for his position with Defendant.

17. In 2009, National Oilwell Varco ("NOV") purchased Reed Hycalog, along with its parent company, Grant Prideco.

18. After acquiring Reed Hycalog, NOV began offering early retirement/buy-out packages to senior managers and supervisors.

19. At the time NOV began offering the early retirement packages, Plaintiff did not qualify for a package since he did not have enough tenure with the company.

20. In early 2010, NOV began transferring young managers and supervisors to replace those who had retired due to the early retirement packages offered by the company.

21. Around that same time, NOV restructured nearly the entire manufacturing facility with the younger managers and supervisors who had been hired.

22. In September 2010, Plaintiff's manager was replaced by a manager from another division.

23. Shortly thereafter, on or about September 24, 2010, Plaintiff was terminated from the company.

24. At the time he was terminated, Plaintiff was 65 years old.

25. The reason given to Plaintiff for his termination was "violation of company policy."

26. The reason given to Plaintiff for his termination was false.

27. Another employee, who was substantially younger than Plaintiff, and who was accused of violating the same policy was not terminated.

28. Rather, the younger employee accused of the same violation was given a three-day suspension, and was allowed to keep his job.

29. Plaintiff was replaced by an individual substantially younger than Plaintiff.

## VI.
## CAUSE OF ACTION—AGE DISCRIMINATION

30. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

31. Plaintiff is protected by Age Discrimination in Employment Act.

32. Plaintiff was terminated from his position with Defendant.

33. Plaintiff was replaced by a younger employee.

34. The Defendant's stated reason for termination was false.

35. As described above, by terminating Plaintiff, Defendant discriminated against Plaintiff because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

36. Other direct and/or circumstantial evidence exists showing that Defendant intended to terminate Plaintiff because of his age.

37. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages.

## VII.
## ATTORNEY'S FEES

38. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

39. Plaintiff is entitled to recover attorney's fees and costs for bringing this action.

## VIII.
## JURY DEMAND

40. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## IX.
## RELIEF REQUESTED

41. Plaintiff prays for the following relief:

a. For actual and liquidated damages, including backpay, lost pension and all other benefits;

b. For compensatory damages and punitive damages as allowed by law;

c. For attorneys' fees;

a. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

b. For pre-judgment and post-judgement interest as allowed by law;

c. For costs of court, costs of prosecuting Plaintiff's claim; and

d. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CLINE | AHMAD


/s/ Nasim Ahmad
Nasim Ahmad
State Bar No. 24014186
21 Waterway, Suite 300
The Woodlands, Texas 77380
Telephone: (281) 362-2801
Telecopier: (281) 864-4379

ATTORNEYS FOR PLAINTIFF
JOSEPH JETT